IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LIONELL FRAZIER JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-829-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Lionell Frazier Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

In September 2012 Petitioner was indicted in Tarrant County, Texas, Case No. 1290856, on one count of aggravated assault on a public servant with a deadly weapon, a motor vehicle. Adm. R., Clerk's R. 5, ECF No. 15-14. The indictment alleged that on or about July 24, 2012, Petitioner did–

> intentionally or knowingly threaten imminent bodily injury to J. Thomas, a public servant, to-wit: an employee or officer of government, namely a police officer for the City of Arlington, while J. Thomas was lawfully discharging an official duty and the

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

defendant knew that J. Thomas was a public servant, and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: a motor vehicle, that in the manner of its use or intended use was capable [of] causing death or serious bodily injury.

*Id.*

The testimony at trial reflected that Arlington police officers John Thomas and Kellen Garrett responded to a domestic disturbance call in the 900 hundred block of Timber Oaks Drive in Arlington, Texas, on July 24, 2012. *Id.,* Reporter's R., vol. 6, 13-14, ECF No. 15-10. The officers arrived in separate squad cars and parked on the opposite side of the street from the caller's house. *Id.* at 15. The officers crossed the street, and as officer Garrett contacted the caller, officer Thomas heard a "loud revving noise and a vehicle traveling westbound on the street at a high rate of speed." *Id.* Officer Thomas, who was in uniform, motioned for the vehicle to pull over, which it did, and he identified himself to Petitioner, the lone occupant of the vehicle. Petitioner told the officer that everything was fine and that he was just trying to pick up his girlfriend or wife. *Id.* at 20. Officer Thomas then noticed a green substance he believed to be marijuana in Petitioner's lap and asked Petitioner what it was. *Id.* The officer testified that at that point, Petitioner "immediately looked down as if he didn't realize it was in his lap. And he became very fidgety and very nervous, and he just kept saying, 'It's nothing, man. You can let me go.'" *Id.* at 20-21. The officer then reached into the vehicle to grab the marijuana. *Id.* at 20. As the officer did so, Petitioner "floored" the accelerator. *Id.* at 21. Officer Thomas was knocked off balance and clung to the windowsill as he was dragged some 40 feet. During that time, he was able to pull himself farther into the vehicle, turn the ignition off, and throw the keys in the floor board. *Id.* at 22-23. After the vehicle stopped, officer Thomas pulled Petitioner out of the vehicle and the two "scuffled." *Id.* at 24-25. Petitioner broke free and ran.

*Id.* at 26. Officer Thomas attempted to tase Petitioner as he was fleeing, to no avail. *Id.* at 27. Officer Garrett then deployed his taser. *Id.* at 28, 54-56. Petitioner continued to resist but was eventually handcuffed and arrested after the fourth tase. *Id.* at 29, 54-56. After his arrest, Petitioner told officer Garrett that "he messed up his life," that he did not mean to do it, asked that they not charge him with one of the offenses, and became angry when the officer refused to agree to lessen or discuss the case with him. *Id.* at 57-58. Petitioner also told a police investigator at the police station that he knew he had messed up. *Id.* at 100. Both Petitioner and officer Thomas were examined by emergency medical personnel at the scene, and officer Thomas was transported to the Medical Center of Arlington for further observation. *Id.* at 54-56, 85. He suffered a hyperextended left leg injury and was prescribed pain medication. *Id.* at 30. The officer testified that during the incident Petitioner did not verbally threaten him but that he feared he would be run over by Petitioner's vehicle or struck by another vehicle and feared for his life. *Id.* at 44-45, 47.

Based on the evidence, the jury found Petitioner guilty of the charged offense, and after a hearing on punishment, found the repeat-offender notice in the indictment true and assessed Petitioner's punishment at 30 years' confinement. *Id.*, Clerk's R. 61, ECF No. 15-14.[2] Thereafter, Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Id.*, Mem. Op. 7, ECF No. 15-4. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals but did file a postconviction state habeas-corpus application challenging his conviction, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. *Id.*, WR-83,604-01, Action Taken,

---

[2]The trial court's judgment incorrectly states that the deadly weapon used in the offense was a firearm, instead of a motor vehicle. *Id.*

3

ECF No. 15-17.

## II. ISSUES

In this federal petition, Petitioner raises five grounds for relief:

(1) Trial counsel was ineffective by failing to (a) build a defense; (b) object to the perjured testimony of officer Thomas; (c) point out the inconsistencies in officer Thomas's testimony to the jury; and (d) file a motion for acquittal after learning of officer Thomas's perjured testimony;

(2) Trial counsel was ineffective by failing to object and correct the prosecutor's misconduct in knowingly using officer Thomas's perjured testimony;

(3) The evidence is insufficient to support his conviction;

(4) The state engaged in malicious prosecution because there was no evidence to support his conviction; and

(5) He is actually innocent.

Pet. 6-7, ECF No. 1; Pet'r's Mem. 2, ECF No. 4; Notice to Amend, ECF No. 11.

## III. RULE 5 STATEMENT

Respondent asserts that grounds one, in part, two, and five are unexhausted and procedurally barred from federal habeas review. Resp't's Ans. 7, ECF No. 13. She further asserts that grounds three and four are procedurally barred from federal habeas review based on Petitioner's failure to raise them on direct appeal or in a petition for discretionary review. *Id.* at 18-19.

## IV. EXHAUSTION AND PROCEDURAL DEFAULT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state, in this case the Texas

Court of Criminal Appeals, on direct appeal or in state postconviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)).

Because Petitioner did not file a petition for discretionary review, to achieve exhaustion it was necessary that he properly raise the claims presented in his state habeas-corpus application. Respondent asserts that petitioner did not raise his ineffective-assistance claims in ground one (b), (c), and (d) and ground two or his actual-innocence claim in ground five in his state habeas application and, thus, the claims are unexhausted. Petitioner asserts that his unexhausted claims were "exhausted substantially by fair presentaion [sic] through the legal material provided, Davis v. Silva, [511] F.3d 1005, 1010-11." However, even if the claims are arguably based on the same "operative facts," they raise different legal theories. This Court agrees that the claims were either not raised at all or do not sufficiently correspond to the claims raised in Petitioner's state habeas application. Therefore, the claims are unexhausted for purposes § 2254(b)(1)(A).

Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c) (West 2015). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Consequently, the claims are barred from federal habeas review unless Petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[–*i.e.,* that he is actually

5

innocent of the offense for which he was convicted]." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Petitioner states no sufficient cause for failing to exhaust his ineffective-assistance claims under ground one (b), (c), and (d) and ground two. *Silva,* 511 F.3d at 1009. Further, assuming Petitioner could show cause for failing to exhaust his actual-innocence claim in state court, he cannot establish prejudice. A stand-alone claim of actual innocence is not cognizable on federal habeas review. *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013).

Respondent also claims Petitioner's grounds three and four, both predicated on a claim of insufficient evidence, are also procedurally barred because the claims should have been, but were not, raised in the Texas Court of Criminal Appeals in a petition for discretionary review and are not cognizable on state habeas review. Resp't's Answer 18-22, ECF No. 13. The state habeas court found that Petitioner did not "complain" on direct appeal that the evidence was insufficient to support his conviction, and the Texas Court of Criminal Appeals denied relief based on the trial court's findings. Adm. R., WR-83,604-01 Writ 27-31, ECF No. 15-19. Under Texas law, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson,* 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). When the Texas Court of Criminal Appeals is silent on its reasoning for denying a sufficiency-of-the-evidence claim raised for the first time on state habeas review, this Court may assume that the claim was denied because it is not cognizable on state habeas review. *Ex parte Grigsby,* 137 S.W.3d at 674. In these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review. *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991). The Fifth Circuit Court of Appeals has also held that Texas's procedural

rule barring consideration of record-based claims not raised on direct appeal in habeas proceedings is an adequate state ground for barring federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996, clarified on reh'g Feb. 4, 1998)). Consequently, Petitioner's grounds three and four based on an insufficiency-of-the-evidence claim are barred from federal habeas review unless Petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[–*i.e.,* that he is actually innocent of the offense for which he was convicted]." *Coleman,* 501 U.S. at 750.

Petitioner claims his record-based claims were defaulted because appellant counsel failed to consult with Petitioner before filing his brief and failed to raise the issues on appeal. Pet'r's Resp. 3-5, ECF No. 17. However, Petitioner has not shown that appellate counsel's failure to raise the claims amounted to a deprivation of the constitutional right to counsel. Under the familiar *Strickland* standard, ineffective assistance of counsel requires a showing of deficient performance and prejudice in order to constitute cause to excuse a procedural default. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Claims of "no evidence" or insufficient evidence to support a conviction are reviewed under the legal-sufficiency standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). Under this standard, a court views all the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* at 318-19. It is the jury's role to review the

credibility of the witnesses, weigh the evidence, and resolve any conflicts or inconsistencies in the evidence. *United States v. Barksdale–Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

The underlying theme of Petitioner's claims is that officer Thomas testified falsely that he was injured during the incident and that he received medical care at the hospital. Petitioner asserts that his court-appointed investigator told him that there were "no medical records, no video, and no witnesses" that officer Thomas sustained serious bodily injury; *ergo,* the officer's testimony was false. Pet'r's Mem. 9-10, ECF No. 4. Contrary to Petitioner's assertion, there is no evidence whatsoever that the officer knowingly testified falsely, and it was the jury's role to review the credibility of the witnesses, weigh the evidence, and resolve any conflicts or inconsistencies in the testimony. *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992). Further, under state law, a person commits aggravated assault with a deadly weapon when: (1) he intentionally or knowingly threatens imminent bodily injury; (2) to a person whom he knew was a public servant; (3) while the public servant was lawfully discharging an official duty; and (4) used a deadly weapon during the course of committing the assault. *See* TEX. PENAL CODE ANN. §§ 22.01 (a)(2), 22.02(a)(2), (b)(2)(B) (West 2011). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury" *Id.* § 1.07(a)(17) (West Supp. 2014).

Petitioner does not dispute that officer Thomas is employed as a police officer by the City of Arlington and falls within the definition of a "public servant," and the officer's testimony alone was legally sufficient to prove the remaining elements beyond a reasonable doubt. *Id.* § 1.07(a)(41) (West Supp. 2014). The officer stated that he feared he would be run over by Petitioner's vehicle or struck by another vehicle and that he feared for his life. The officer also testified that he was in uniform and identified himself to Petitioner as a police officer. Thus, he was engaged in the

8

performance of his duties. After identifying himself as an officer, he viewed what he believed to be marijuana in Petitioner's lap and reached for it. At that moment, Petitioner "floored" the accelerator with the officer partially inside the vehicle when the attempted flight occurred. The jury could have inferred from this testimony that Petitioner had the requisite intent to *threaten* the officer with imminent bodily injury. When aggravated assault by threat is alleged there is no required result–*i.e.,* actual injury. *Landrian v. State,* 268 S.W.3d 532, 536 (Tex. Crim. App. 2008). The jury could have also inferred from this testimony that the vehicle was transformed into a deadly weapon *capable* of causing death or serious bodily injury to the officer. *See United States v. Morris,* 131 F.3d 1136, 1138 (5th Cir. 1997).

Nor does Petitioner offer any new, reliable evidence sufficient to establish his actual innocence. To establish actual innocence, a petitioner "must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). Petitioner asserts that (all spelling and/or grammatical errors are in the original)–

> he can show "new Evidence" that was not presented at trial, in that the state failed to turn over Brady evidence in the form of an eyewitness who could have testified to the fact that Officer Thomas's action was the cause of the incident through "contributor negligence" in that he with out warning, command, or advance indication aggressively reached into the window of petitioner's car startling him and causing a natural reflex action on the part of petitioner which caused him to lean back dislodging his feet and causing him to accidentally press the gas pedal.

Pet'r's Resp. 6, ECF No. 17. The eyewitness was the caller of the domestic disturbance call. She gave a follow-up statement to the police and a supplemental report was made but never provided to

9

the state or to the defense. Adm. R., Reporter's R., vol. 6, 62-79, ECF No. 15-10. Petitioner first learned of the existence of the supplemental report during cross-examination of officer Garrett and argued that it was *Brady* material and moved for a mistrial. *Id.* The trial court determined that the supplemental report contained no exculpatory evidence and that the failure to disclose it was not "so prejudicial and incurable" as to justify a mistrial. *Id.* On direct appeal, the state appellate court agreed that the supplemental report was not material, although its disclosure may have altered the defensive strategy. *Id.*, Mem. Op. 1-7, ECF No. 15-4. The state courts' decision comports with *Brady.* And, there is no evidence whatsoever to suggest, as Petitioner alleges, that the incident was caused by officer Thomas or his failure to follow "proper police procedures and protocol" and was accidental on Petitioner's part. Pet'r's Resp. 12-13, ECF No. 17.

In summary, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Petitioner's grounds one (b), (c) and (d), two, three, four, and five are unexhausted and/or procedurally barred from this Court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Therefore, the following discussion is limited to a review of Petitioner's ineffective-assistance claim under ground one (a).

## V. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This

standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102. Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law, as determined by the Supreme Court of the United States" unless there is evidence that an incorrect standard was applied, in making its decision. *Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Harrington*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004).

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). As previously noted, to establish ineffective assistance of counsel a petitioner must show both deficient performance and prejudice. *Strickland*, 466 U.S. at 687-88, 697. Because the state courts decided this claim on the merits against Petitioner, the only question for this Court is whether the state courts' decision is contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle*

11

*v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Petitioner claims trial counsel, John Stickels, was ineffective by failing to build a defense. Specifically, Petitioner asserts that counsel stated that he did not know how to defend Petitioner and that counsel should have called his court-appointed investigator as a defense witness to rebut officer Thomas's testimony that he was injured and received medical attention and show the jury that his testimony was false. Pet'r's Mem. 2-3, ECF No. 4. The state habeas judge, who also presided at Petitioner's trial, entered the following findings relevant to this claim based on her own recollection of the proceedings and the documentary record:

> 37. Hon. John Stickels worked over thirty-three hours of time out-of-court on this case.
>
> 38. Hon. Stickels was appointed an investigator to assist in the investigation of this case.
>
> 39. Hon. Stickels conducted a proper investigation.
>
> 40. Hon. Stickels was thoroughly prepared for trial.
>
> 41. Applicant's claim that counsel failed to have a defense theory and failed to investigate is without merit because the indictment did not allege that the victim sustained serious bodily injury.
>
> 42. There is no evidence that counsel's representation fell below an objective standard of reasonableness.
>
> 43. There is no evidence that the outcome of the proceeding would have been different but for the alleged misconduct.

WR-83,604-01 Writ 31, ECF No. 15-19 (record references omitted). Applying the *Strickland* standard, the state court concluded that Petitioner had failed to prove that he received ineffective assistance of trial counsel. *Id.* at 36-37. In turn, the Texas Court of Criminal Appeals denied relief based on the trial court's findings.

The state courts' adjudication of the claim is a reasonable application of *Strickland*. A petitioner shoulders a heavy burden to overcome a presumption that his counsel's conduct is strategically motivated, and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). In fact, even where a record is silent with regard to strategy, a reviewing court will presume counsel's action or inaction to be the product of strategy. *Stanley v. Zant,* 697 F.2d 955 (11th Cir. 1983); *see also Martin v. McCotter,* 796 F.2d 813, 817 (5th Cir. 1986). In this case, trial counsel's strategy was to challenge the state's evidence by arguing that there was an inadequate police investigation and that no threat was made by Petitioner, pointing out the contradiction between officer Thomas's testimony that he shut off the car and officer Leonard Ray's testimony that the windshield wipers were on when he arrived at the scene, and suggesting an alternative scenario that could be deduced from the evidence. Reporter's R., vol. 6, 75, 93, 117-19, 118 ECF No. 15-10. There is no indication that a different strategy might have been more effective.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED** as Petitioner has not made a showing that reasonable jurists would question this Court's resolution of Petitioner's constitutional claims or procedural rulings.

**SO ORDERED** on this 6th day of July, 2017.

Reed O'Connor
UNITED STATES DISTRICT JUDGE